IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br>Plaintiff,<br>v.<br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee,<br>Defendant. | No. 3:23-cv-01175<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE** |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

    A.    JURISDICTION: This Court has jurisdiction pursuant to 28 U.S.C § 1331 (federal question) and 28 U.S.C. §1343 (civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201. As noted below, Defendant disputes this Court's jurisdiction.

    B.    BRIEF THEORIES OF THE PARTIES:

    For Plaintiff: Two Tennessee statutes require the Governor to consider race when making appointments to public boards and commissions, including the Board of Podiatric Medical Examiners. Tenn. Code §§ 8-1-111 & 63-3-103(b). Plaintiff alleges that these statutes violate their members rights to equal protection of the laws and are therefore unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

    For Defendant: Plaintiff has no standing in this case, either on behalf of itself or its members. Furthermore, the challenged statutes do not restrict or in any way encumber the Governor's sole discretion when appointing persons to any applicable board or commission.

    C.    ISSUES RESOLVED: Venue.

    D.    ISSUES STILL IN DISPUTE: Defendant disputes that Plaintiff has Article III standing to bring this suit. The parties also disagree about liability, *i.e.* whether the challenged statutes survive constitutional scrutiny.

    E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to

1

Fed. R. Civ. P. 26(a)(1) on or before <u>two weeks after the Court's ruling on Defendants' motion to dismiss</u>.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before <u>October 30, 2024</u>. Because sovereign immunity is immunity from suit, and not just liability, the parties agree that written discovery should proceed after resolution of standing questions in the State's forthcoming motion to dismiss and shall be served by no later than <u>October 10, 2024</u>. Except as noted above, discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s).[1] Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions. All discovery disputes shall be brought to the Court's attention no later than <u>November 4, 2024</u>. In

---

[1] In submitting the proposed case management order, the parties shall not modify the requirement for an in-person meeting involving lead counsel. Should the parties seek to confer about discovery disputes in a manner other than an in-person meeting, they may do so only with leave of the Court.

connection with any discovery conference or discovery motion, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

      H.     MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than <u>January 31, 2024</u>. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

      I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before <u>April 1, 2024</u>. The defendant shall identify and disclose all expert witnesses and reports on or before <u>May 2, 2024</u>. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by <u>September 14, 2024.</u>

      J.     SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case

management conference shall be held telephonically on June 3, 2024, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case before the filing of dispositive motions. Dispositive motions shall be filed by no later than January 22, 2025. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

L. ELECTRONIC DISCOVERY. The default standards of Administrative Order No. 174-1 will apply to this case.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review

one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS.

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The bench trial of this action is expected to last approximately 1 day. A trial date no earlier

than June 3, 2025, is respectfully requested.[2]

       It is so **ORDERED**.

                                                                       _____
                                                                        United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Joshua P. Thompson
Joshua P. Thompson, Cal. Bar No. 250955*
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
JThompson@pacificlegal.org*
*Attorney for Plaintiff*
 *Pro Hac Vice

/s/ Reed N. Smith
Reed N. Smith
Assistant Attorney General
HealthCare Division
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202
615-741-3491
Reed.Smith@ag.tn.gov
*Attorney for Defendant*

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.