IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br>Plaintiff,<br>v.<br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee,<br>Defendant. | No. 3:23-cv-01175<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE HOLMES** |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on January 10, 2024. Counsel participating were: Joshua Thompson and Laura D'Agostino for Plaintiff and Reed Smith and Trenton Meriwether for Defendant. From the parties' proposed initial case management order (Docket No. 19) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted:

A. JURISDICTION: Plaintiff assert this Court has jurisdiction pursuant to 28 U.S.C § 1331 (federal question) and 28 U.S.C. §1343 (civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201. As noted below, Defendant disputes this Court's jurisdiction.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Two Tennessee statutes require the Governor to consider race when making appointments to public boards and commissions, including the Board of Podiatric Medical Examiners. Tenn. Code §§ 8-1-111 & 63-3-103(b). Plaintiff alleges that these statutes violate their members rights to equal protection of the laws and are therefore unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

For Defendant: Plaintiff has no standing in this case, either on behalf of itself or its members. Furthermore, the challenged statutes do not restrict or in any way encumber the Governor's sole discretion when appointing persons to any applicable board or commission.

C. ISSUES RESOLVED: Venue.

D. ISSUES STILL IN DISPUTE: Defendant disputes that Plaintiff has Article III standing to bring this suit. The parties also disagree about liability, *i.e.* whether the challenged statutes survive constitutional scrutiny.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **February 14, 2024**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to make settlement efforts throughout the pendency of this case, including to consider the alternative dispute resolution options provided in Local Rule 16.02 through 16.05, and must make at least **two substantive** attempts at resolution. By no later than **June 28, 2024**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties must have exchanged enough information in discovery or otherwise by this date to substantively evaluate and discuss settlement. The deadline for a second joint case resolution status report is **RESERVED**. The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is

the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

      G.    DISCOVERY: The deadline for the parties to complete all written discovery and depose all fact witnesses is **RESERVED**. Because sovereign immunity is immunity from suit, and not just liability, the parties agree that written discovery should proceed after resolution of standing questions in the State's pending motion to dismiss. Discovery is not stayed, but the parties may elect to postpone discovery pending resolution of the motion to dismiss. The parties may also proceed with limited discovery, such as written discovery only, by agreement. Although the discovery completion deadline is reserved and the parties are permitted to postpone discovery or to limit initial discovery to only interrogatories and requests for production, discovery is not stayed during dispositive or other motions, unless ordered by the Court. Any disagreement about discovery, including the scope of discovery pending the next case management conference must be resolved in accordance with the discovery dispute resolution procedures detailed below.

      The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

      No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint

motion for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions, after counsel have requested and/or participated in a discovery conference. The deadline for bringing all discovery disputes to the Court's attention and for filing all discovery-related motions is **RESERVED**. In connection with any discovery conference or discovery motion, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

      H.      MOTIONS TO AMEND OR TO ADD PARTIES: The deadline for any motions to amend or to add parties is RESERVED. Any motion to amend or to add parties must comply with Local Rules 7.01 and 15.01. Failure to do so may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

      I.      DISCLOSURE AND DEPOSITIONS OF EXPERTS: The schedule for disclosure of experts and reports and for completion of expert depositions is **RESERVED**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any

supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

      J.     NEXT CASE MANAGEMENT CONFERENCE. Another case management conference shall be held on **August 5, 2024, at 2:00 p.m. (CDT)**, using the Court's conference line at 1-877-402-9753, access code 3808663#, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); scheduling of reserved case management deadlines; selection of a target trial date (including anticipated number of trial days); and, any other appropriate matters. Counsel for the parties must discuss these matters in advance of the next case management conference, and must, by no later than **three (3) business days** before the case management conference, file a joint motion for entry of a modified case management order with a proposed modified case management order addressing these matters appended as an exhibit.[1] A Word formatted version of the proposed modified case management order must also be separately emailed to Megan Cobos, Courtroom Deputy, at Megan_Cobos@tnmd.uscourts.gov. Any party may request or the Court may set an earlier case management conference based on further developments regarding Defendant's motion to dismiss or otherwise in this case.

      K.     DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case before the filing of dispositive motions. The deadline for filing dispositive motions is **<u>RESERVED</u>**. Responses to dispositive motions must be filed **<u>within 28 days</u>** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not

---

[1] The parties are put on notice of the Court's intention to request a target trial date of no later than the end of calendar year 2025. They should propose a modified case management schedule that accommodate this timing.

exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion must first file a separate motion that gives the specific, detailed justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that it is a narrow statement of facts (not opinion, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

L. ELECTRONIC DISCOVERY. The default standards of Administrative Order No. 174-1 will apply to this case.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline must be filed at **least seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and

6

Case 3:23-cv-01175    Document 22    Filed 01/11/24    Page 6 of 7 PageID #: 79

reply briefs, to be later than 90 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally schedule deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

N.     REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01.

O.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **bench** trial of this action is expected to last **approximately 1 day**.[2] Selection of a target trial date is **RESERVED** pending the next case management conference scheduled above.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.