IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DO NO HARM, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:23-cv-01175 |
| WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, | ) ) ) ) |
|     Defendant. | ) ) |

**DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS AMENDED COMPLAINT**

**INTRODUCTION**

In its Response (Doc. 26), Plaintiff insists it is "certain" that Member A and Member B will be harmed by the challenged laws when Dr. Khumalo's term ends in 2027. However, there will be no fewer than four openings on the Board between now and when Dr. Khumalo's term expires in 2027. Any of the openings on the Board between now and 2027 could be filled by any qualified individual, and as recently as 2022, multiple members of the Board were members of racial minorities. In that case, there is no injury to "Member A" or "Member B" because the laws will not apply to Board openings. Accordingly, it is far from "virtually certain" that when Dr. Khumalo's term ends, there will not be "at least one" member of a racial minority on the Board, which is all that the challenged laws contemplate. In other words, Plaintiff's opposition rests on the assumption that only white people will be appointed to the Board between now and when Dr. Khumalo's term expires.

Given that Do No Harm's clandestine members do not have standing, the Court need not reach the issue of whether Plaintiff has satisfied the Sixth Circuit's requirement to "identify a member who has suffered (or is about to suffer) a concrete and particularized injury from the defendant's conduct." *Weiser v. Benson*, 48 F.4th 617, 623 n.4 (6th Cir. 2022) (quoting *Ass'n of Am. Physicians & Surgeons v. USFDA*, 13 F.4th 531, 537 (6th Cir. 2021)). Should the Court reach the issue, it should decide that the Sixth Circuit would find such ersatz identification insufficient, particularly given the Governor's factual challenge.

**ARGUMENT**

**I.     Members A and B have no standing.**

It is doubtful, and certainly not "virtually certain," that any member of Do No Harm will ever be affected by the challenged statutes. Dr. Khumalo, an African-American, is chair of the

1

Board, and his term does not expire until 2027. Between now and then, there will be no fewer than four openings on the Board. Only if white people exclusively are chosen for those positions will the challenged laws potentially apply to the appointment of Dr. Khumalo's successor, and only then would either Member A or Member B face any potential harm.

Furthermore, Plaintiff raises factual issues that are demonstrably wrong. The Governor submitted proof of Dr. Khumalo's race with his initial memo, and out of an abundance of caution submits additional evidence in his reply. Also, despite Plaintiff's claim that there is "no timetable" for gubernatorial appointments, the expiration of each Board member's term is publicly available. Accordingly, Plaintiff fails to give the Court any reason to find it has standing. *See Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) ("Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of proving the three elements of standing.").

### A. Any harm to Members A or B is speculative.

Plaintiff's injury relies on it being "virtually certain" that the Governor will exclusively appoint white people to the Board for the many openings between now and the end of Dr. Khumalo's term on June 30, 2027. *See* Resp. at 10. Plaintiff relies heavily on *Thomas More Law Ctr. v. Obama*, 651 F.3d 529 (6th Cir. 2011), to support its claim of standing. However, in that case, the court held that the Plaintiffs had experienced an "'actual' present injury" as well as faced "'imminent' future injury." *Id*. at 535-36 (internal quotations omitted). There, the plaintiffs suffered injury because of the "virtual certainty" that the Affordable Care Act, a law of general applicability, would apply to Plaintiffs on its effective date. *Id*. at 538.

No such certainty or imminence is present here. Unlike the Affordable Care Act, which requires every person to purchase health insurance, the challenged statutes only have potential effect when there are no members of a racial minority on the Board. Only in that instance would

2

it be necessary for the Governor to consider race to "strive to ensure" that "at least one" member of the Board is a racial minority come into play. Tenn. Code Ann. § 8-1-111; *id.* § 63-3-103(b).

Moreover, as recently as 2022, both Dr. Khumalo and Dr. Ramesh Pavuluri, an Indian-American, served on the Board contemporaneously. *See* March 11, 2022, Board Minutes[1]; *see also* Ex. C to Smith Declaration (Dr. Pavuluri application). In short, Plaintiff's alleged injury, and its reliance on no members of racial minorities filling any of multiple future Board openings, is precisely the type of speculation that courts routinely hold is insufficient for standing. *See Vonderhaar v. Vill. of Evendale, Ohio*, 906 F.3d 397, 401 (6th Cir. 2018) ("Claimants cannot file a lawsuit based on a 'highly speculative fear' that a law may harm them at some future date.").[2]

**B. Plaintiff's factual challenges are demonstrably wrong.**

Plaintiff's additional arguments fare no better. First, Plaintiff incorrectly alleges that the Governor has provided no evidence that Dr. Khumalo "is a racial minority." Resp. at 12. However, page 2 of the Governor's memorandum cites to the Tennessee Secretary of State Website, http://tinyurl.com/584e88mj, which identifies Dr. Khumalo both as a member of the Board and as African-American.[3]

Second, Plaintiff erroneously asserts that there is no "timetable upon which the public can expect or anticipate gubernatorial appointments to the Board." Resp. at 12. The expiration of each

---

[1] https://www.tn.gov/content/dam/tn/health/healthprofboards/03-11-2022-Minutes.pdf

[2] Furthermore, it is even more unlikely that Member B will ever be injured by the challenged statutes. Member B is allegedly eligible for the sole citizen member seat on the Board, so any injury to him would require not only that (1) all remaining members of the Board are white, but also (2) that the sole citizen-member seat is not filled. Such future injury is conjectural, not imminent.

[3] Out of an abundance of caution, the Governor attaches the Declaration of Candyce Wilson, who has personally worked with and met Dr. Khumalo and testifies as to his race, as well as his appointment form in which he identifies himself as African-American. *See* Ex. D to Smith Dec.

3

member's term is publicly available. *See* Def. Memo., Doc. 25-1, at 3. Indeed, Plaintiff's original complaint noted that "[t]wo seats on the Board opened in June 2023." Compl., Doc. 1, at ¶ 19. Plaintiff then waited more than two months to file suit, by which time the Governor had filled those positions. The Governor is not required to withhold appointments indefinitely for the benefit of Plaintiff's standing.[4]

## II. Pseudonymity Is Not a Free Pass to Standing in This Circuit.

Because Plaintiff's unnamed members lack standing, the Court can dismiss this suit without addressing whether bringing suit on behalf of "Member X" satisfies the Sixth Circuit's requirement that an association "name" and "identify" an injured member. If the Court takes up the issue, the Sixth Circuit requires that Do No Harm "name the individuals who were harmed" even at the motion-to-dismiss stage. *Tenn. Republican Party v. SEC*, 863 F.3d 507, 520-21 (6th Cir. 2017) (quotations omitted) (denying standing where an organization "fail[ed] to identify any members," satisfied only where members were "identified"—by name); *id.* at 517 (actually naming affected members). Use of a pseudonym, by definition, does not name a member.

Though Plaintiff asserts a "tidal wave of uniform precedent" dispensing with naming members altogether, only one circuit has allowed the use of pseudonyms to satisfy a naming requirement, the Tenth Circuit. *See Speech First, Inc. v. Shrum*, 2024 WL 506224 (10th Cir. 2024).[5] The Tenth Circuit held that proceeding with pseudonyms was sufficient but expressed

---

[4]Plaintiff also asserts, without explanation, that the challenged laws make every appointment racially conscious. (Resp., 13). That ignores the plain language of the statutes, which only state that the Governor "shall strive to ensure . . . that *at least one* (1) person serving on the board is a member of a racial minority." Tenn. Code § 63-3-103(b) (emphasis added); *see also id.* at § 8-1-111. When at least one member of the Board is a racial minority, there is nothing more to ensure.

[5] *Cf. Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*, 833 F. App'x 235, 240 (11th Cir. 2020) (satisfied with alleging "all members whose patients are insured by Defendants"); *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1037 (9th Cir. 2015) (satisfied with alleging "individual members . . . who are not registered to vote and members who are

4

Case 3:23-cv-01175 Document 30 Filed 03/01/24 Page 5 of 8 PageID #: 143

concerns about "the cloak of anonymity," and required "the district court [to] *later* verify the existence and status of the pseudonymous members through in camera review." *Speech First*, 2024 WL 506224, at *2 n.1 (emphasis added). Such rule allows plaintiffs to "proceed to discovery in nearly every case," depriving the State's ability to challenge standing at the earliest stage. *Prairie Rivers Network v. Dynegy Midwest Generation*, 2 F.4th 1002, 1010 (7th Cir. 2021). This Court should not allow a lone out-of-circuit unpublished case to undermine the value—and purpose—of a 12(b)(1) factual attack, where the court is able to "consider[] evidence outside the pleadings to resolve [plain] jurisdictional question[s]," *Ames v. LaRose*, 86 F.4th 729, 731 (6th Cir. 2023).

No Sixth Circuit case blesses this shortcut to discovery. In *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004), the Sixth Circuit did not dispense with its naming requirement but invoked an *exception* to Rule 10(a) for parties that are subject to harassment. *Doe*, 370 F.3d at 560. Plaintiff suggest no potential harm to its members requiring anonymity. Further, *Association of American Physicians v. USFDA*, Resp. 7, is inapposite. The court did not address the use of pseudonyms and instead dismissed the case because the unnamed member had no basis for standing. The Court may do likewise dismiss without addressing pseudonymity, but should not allow Plaintiff to circumvent its "independent obligation to assure that standing exists" at every stage. *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

For these reasons, the Court should grant Defendant's motion to dismiss.

---

registered to vote but have moved or will move"); *Hancock Cnty. Bd. of Sup'rs v. Ruhr*, 487 F. App'x 189, 198 (5th Cir. 2012) (satisfied with alleging "some of its members were voters"); *Disability Rights Wis., Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008) ("allow[ing] for the member on whose behalf the suit is filed to remain unnamed by the organization"); *Bldg. & Const. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 145 (2d Cir. 2006) (satisfied with "alleg[ing] that one or more of its members has suffered a concrete and particularized injury," not requiring "nam[ing] names"); *Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 41 F.4th 586, 594 (D.C. Cir. 2022) (satisfied by "survey responses evidencing the concrete injuries [of] individual members").

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General & Reporter

*/s/ Reed N. Smith*
Reed N. Smith (BPR# 040059)
Assistant Attorney General

Trenton Meriwether (BPR# 038577)
Office of the Tennessee Attorney General
Healthcare Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-9593
reed.smith@ag.tn.gov
trenton.meriwether@ag.tn.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via this Court's electronic filing system on this 1st day of March 2024.

Daniel J. Turklay (BPR# 034600)
TURKLAY LAW
11205 Lebanon Rd #51
Mt. Juliet, TN 37122
P: (615) 838-5903
F: (888) 868-0014
daniel@turklaylaw.com

Joshua P. Thompson (CA Bar# 250955)
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
P: (916) 419-7111
JThompson@pacificlegal.org

Laura D'Agostino (VA Bar# 91556)
PACIFIC LEGAL FOUNDATION
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
P: (202) 888-6881
LDAgostino@pacificlegal.org

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Reed N. Smith*
　　　　　　　　　　　　　　　　　　　　　　REED N. SMITH
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General