## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| DO NO HARM, a nonprofit corporation incorporated in the State of Virginia,<br><br>     Plaintiff,<br><br>  v.<br><br>WILLIAM LEE, in his official capacity as Governor of the State of Tennessee,<br><br>     Defendant. | No. 3:23-cv-01175<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE HOLMES** |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Do No Harm, by and through its counsel, submits this Notice of Supplemental Authority, submitting *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 771 (11th Cir. 2024), attached as **Exhibit A**, and *Am. All. for Equal Rts. v. Ivey*, No. 2:24-CV-104-RAH, 2024 WL 1181451, at *1 (M.D. Ala. Mar. 19, 2024), attached as **Exhibit B**. Each case addresses elements of organizational standing within the Article III context, with both courts finding that the organization plaintiff had met all the requisite factors—just as the Plaintiff does in this lawsuit.

In *Fearless Fund*, the Eleventh Circuit held that the American Alliance for Equal Rights sought "racial equality for its members … and neither the civil-rights claim it asserts nor the preliminary injunction it seeks necessitates individual proof or requires the individual members' participation. The Alliance's standing … turns entirely on whether its members would have standing to sue on their own." *Fearless Fund Mgmt., LLC*, 103 F.4th at 771. The defendant in *Fearless Fund*, like the Governor in this case, also argued that the organization needed to name its members in order to establish Article III standing—the Eleventh Circuit expressly rejected this

argument. *Id.* at 773 ("Accordingly, the Alliance's identification of its affected members by the pseudonyms Owner A, Owner B, and Owner C poses no bar to its standing to sue").

In *Ivey*, the court addressed claims that recent gubernatorial appointments undercut the standing of the organizational plaintiff and the ripeness of the claims. The same is true here, where the Defendant claims that recent race-based appointments to the Board mean that the Governor will not have to consider race in appointments in the near future. ECF No. 25-1 at 9–10. According to the Governor, this means that Plaintiff's members are either uninjured by the statute or their claims are not ripe. *Ivey* is instructive on this issue because it also addressed recent appointments subject to statutory racial balancing.[1] The *Ivey* governor claimed that because she had appointed two racial minority members to the board, there was "no 'immediate' threat of future injury." *Ivey*, 2024 WL 1181451, at *4. The court rejected these arguments outright. It first recognized that, "[a]lthough these seats are for three-year terms, vacancies can arise at any time upon resignation, removal, incapacity, or death, and often with little or no notice to the public and without a pronounced window for receiving applications." *Id.* at *4. As a result, the court properly recognized "The [organizational plaintiff] had standing to pursue its equal protection claim, at the initiation of the lawsuit, it has standing now, and it will have standing if [an appointee] is confirmed." *Id.*

DATED: June 28, 2024.

Respectfully submitted,

/s/ Laura D'Agostino
Laura D'Agostino, Va. Bar No. 91556*

---

[1] Pursuant to Alabama law, the Alabama Real Estate Appraisers Board is subject to racial balancing. Specifically, "no less than two of the nine board members shall be of a minority race" and the "overall membership of the board shall be inclusive and reflect the racial, gender, geographic, urban/rural, and economic diversity of the state." *See Ivey*, 2024 WL 1181451, at *1 (citing Ala. Code § 34-27A-4; Ala. Admin. Code § 780-X-1-.02).

2

PACIFIC LEGAL FOUNDATION
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201,
Telephone: (202) 888-6881
LDAgostino@pacificlegal.org

/s/ Daniel J. Turklay
Daniel J. Turklay (#034600)
Turklay Law
11205 Lebanon Rd #51
Mt. Juliet, TN 37122
Telephone: (615) 838-5903
Fax: (888) 868-0014
daniel@turklaylaw.com

Joshua P. Thompson, Cal. Bar No. 250955*
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
JThompson@pacificlegal.org

*Attorneys for Plaintiff*

*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

        I hereby certify that on June 28, 2024, the forgoing document was served upon counsel

for the defendant via CM/ECF service.

Reed N. Smith
Trenton Meriwether
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202
reed.smith@ag.tn.gov
trenton.meriwether@ag.tn.gov

                                       /s/ Laura D'Agostino
                                        Laura D'Agostino