# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DO NO HARM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-01175 |
| WILLIAM LEE, in his official capacity as Governor of the State of Tennessee, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S RESPONSE TO SUPPLEMENTAL BRIEF

Neither case cited in Plaintiff's Notice of Supplemental Authority is analogous to the instant case on substantive issues of standing. Here, it is undisputed that at the time suit was filed and continuing to today, Plaintiff's members have the same opportunity to be appointed to the Board of Podiatry as any other applicant. Accordingly, both supplemental cases are inapposite.

In *American Alliance for Equal Rights v. Ivey*, No. 2:24-CV-104-RAH, 2024 WL 1181451, (M.D. Ala. Mar. 19, 2024), a district court from a different circuit noted that "at the time this lawsuit was filed, the Governor had not yet selected the three appointees of racial minority status to the board." *Id*. at *4. That was "enough to show standing when this lawsuit was filed." *Id*. Because AAER had standing at the outset, the State bore the "heavy burden of demonstrating mootness." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021). In stark contrast, Plaintiff here never had standing—Dr. Khumalo was appointed to the Board *before* Plaintiff filed suit. *Compare* Complaint (Doc. 1), *with* Appointment Ltrs. (Docs. 25-3, 25-4). Therefore, Plaintiff has never, and may never, suffer injury under the challenged acts.

1

Because Plaintiff's members do not have (and have never had) standing, the court need not reach the issue of pseudonyms. If it does, it should reject the reasoning in *American Alliance for Equal Rights v. Fearless Fund Management, LLC*, 103 F.4th 765 (11th Cir. 2024). That court recognized that the Eleventh Circuit has "routinely permitted organizations to sue on behalf of pseudonymously identified members." *Id*. at 773. In contrast, as the State has already briefed, the Sixth Circuit requires naming members for associational standing.

For these reasons, and those already provided, the Court should grant Defendant's motion to dismiss.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General & Reporter

*/s/ Reed N. Smith*
Reed N. Smith (BPR# 040059)
Trenton Meriwether (BPR# 038577)
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-9593
reed.smith@ag.tn.gov
trenton.meriwether@ag.tn.gov

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via this Court's electronic filing system on this 9th day of July 2024.

Daniel J. Turklay (BPR# 034600)
TURKLAY LAW
11205 Lebanon Rd #51
Mt. Juliet, TN 37122
P: (615) 838-5903
F: (888) 868-0014
daniel@turklaylaw.com

Joshua P. Thompson (CA Bar# 250955)
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
P: (916) 419-7111
JThompson@pacificlegal.org

Laura D'Agostino (VA Bar# 91556)
PACIFIC LEGAL FOUNDATION
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
P: (202) 888-6881
LDAgostino@pacificlegal.org

*Counsel for Plaintiff*

/s/ Reed N. Smith
REED N. SMITH
Assistant Attorney General